*604 OPINION.
Phillips :
The taxpayer, seeks to establish the value, for invested capital purposes, of certain files, furniture and fixtures acquired by it in exchange for its capital stock. A part of the stock was issued for assets in 1916 and another part in 1918.
We have no evidence of the amount or value of the assets transferred to the petitioner on December 80, 1916, by Goodman. The evidence in this respect relates to the value of the assets owned by the petitioner in May, 1918, at the time it acquired the credit records of the Retail Merchants Bureau.
Nor is the record more complete with respect to the assets acquired in 1918. Under section 331 of the Revenue Act of 1918 and the same section of the Revenue Act of 1921, the assets acquired by the petitioner from the Retail Merchants Bureau in May, 1918, can be included in invested capital only in the amount of the cost of such assets to the Bureau. All of the evidence relates to value and we have none concerning cost. Section 331 is as follows:
In the case of the reorganization, consolidation, or change of ownership of a trade or business, or change of ownership of property, after March 3, 1917, if an interest or control in such trade or business or property of 50 per centum or more remains in the same persons, or any of them, then no asset transferred or received from the previous owner shall, for the purpose of determining invested capital, be allowed a greater value than would have been allowed under this title in computing the invested capital of such previous owner if such asset had not been so transferred or received: Provided,, That if such previous owner was not a corporation, then the value of any asset so transferred or received shall be taken at its cost of acquisition (at the date when acquired by such previous owner) with proper allowance for depreciation, impairment, betterment or development, but no addition to the original cost shall be made for any charge or expenditure deducted as expense or otherwise on or after March 1, 1913, in computing the net income of such previous owner for purposes of taxation.
Prior to the acquisition of the credit-reporting business of the Retail Merchants Bureau, the petitioner had outstanding $20,000 par value of its common stock, the only stock having voting rights. In exchange for the assets transferred $21,000 par value in common stock was issued to the Retail Merchants Bureau. It is clear from the record, and especially from the minute book of the petitioner, that the object accomplished was to place the control of the petitioner in the Retail Merchants Bureau. By the ownership of a majority of the voting stock of the petitioner, the Bureau retained an interest and control in such property of more than 50 per centum, and the situation presented falls squarely within the wording and intent of section 331 of the Revenue Acts.

Decision will he entered for the Oom/missioner.